# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RICHARD PORRAS,

    Plaintiff,

v.                                                                           Civ. No. 19-367 MV/KK

CORECIVIC, INC. *et al.*,

    Defendants.

## ORDER DENYING DISCOVERY STAY

THIS MATTER is before the Court on Defendants' Opposed Motion to Stay Proceedings Pending Ruling on Motion to Dismiss (Doc. 41) ("Motion to Stay"), filed May 5, 2021. In their Motion to Stay, Defendants ask the Court to vacate the deadlines and hearing set in the Court's Initial Scheduling Order (Doc. 40), and to stay "further proceedings, including discovery," pending resolution of their Motion to Dismiss Second Amended Complaint (Doc. 38) ("Motion to Dismiss"), filed April 21, 2021. (Doc. 41 at 1.) The Court, having reviewed Defendants' Motions, the record, and the relevant law, being otherwise fully advised, and for the reasons set forth below, FINDS that the Motion to Stay is not well taken and should be DENIED.

Under the Civil Justice Reform Act and the Federal Rules of Civil Procedure, the Court must attempt to secure the "just, speedy, and inexpensive" resolution of every civil case before it. 28 U.S.C. § 471; Fed. R. Civ. P. 1. This standard requires the Court, in the course of ensuring a just outcome, to both (1) expedite the ultimate disposition of litigation and (2) reduce its costs. Discovery stays generally impede the first goal but may, depending on the circumstances, serve the second. As such, the decision whether to stay discovery "depends greatly on each case's facts and progress" and is within the Court's "broad discretion." *De Baca v. United States*, 403 F. Supp.

3d 1098, 1111-12 (D.N.M. 2019); *Martin v. City of Albuquerque*, 219 F. Supp. 3d 1081, 1089-90 (D.N.M. 2015).

In deciding whether to stay discovery, courts must exercise sound judgment and "weigh competing interests." *De Baca*, 403 F. Supp. 3d at 1111; *Martin*, 219 F. Supp. 3d at 1089. In so doing, courts

> may consider factors such as: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Mestas v. CHW Grp. Inc.*, No. CV 19-792 MV/CG, 2019 WL 5549913, at *1 (D.N.M. Oct. 28, 2019) (quotation marks and brackets omitted).

Plaintiff filed this case as a *pro se* prisoner on April 22, 2019. (Doc. 1.) Since then, over two years have passed and Plaintiff has retained counsel, but no discovery has been permitted. If the Court were to stay discovery pending resolution of Defendants' Motion to Dismiss, this already considerable delay in Plaintiff's ability to prosecute his case would grow even longer.[1] A delay of such magnitude is far from "speedy," Fed. R. Civ. P. 1, and threatens to become unfairly prejudicial to Plaintiff due to, *inter alia*, fading memories and increased difficulty in locating witnesses and documents. Thus, the Court finds that Plaintiff's interests in proceeding expeditiously and avoiding potential prejudice weigh heavily against a discovery stay at this juncture.

In contrast, Defendants have not shown that the burden they would bear, should discovery be allowed to proceed, is in any way out of the ordinary. Defendants argue that "discovery is likely to be a costly and time-consuming process" and that a stay "will prevent unnecessary resources from being expended" if the Motion to Dismiss is granted in whole or in part. (Doc. 41 at 5.) That

---

[1] Moreover, Defendants' contention that a stay pending resolution of their Motion to Dismiss would be "short" fails to take into account the Court's increasingly heavy caseload and the difficulty of predicting when the Court will be able to rule on the dispositive motion. (Doc. 41 at 4, 6.)

is, of course, one possibility. However, it is also possible that Defendants' Motion to Dismiss will be denied in whole or in part in such a way that full or nearly full discovery will still be necessary. In addition, it is possible that the motion will be granted with leave to amend, which may also result in an unabated need for discovery. *See Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020) ("District courts should freely give leave to amend when justice so requires.") (quotation marks and brackets omitted). Moreover, if Defendants' Motion to Dismiss is wholly successful, they are entitled to have their costs taxed against Plaintiff, which mitigates Defendants' burden. Fed. R. Civ. P. 54(d). Thus, though Defendants' interests weigh slightly in favor of a stay, they do not overcome Plaintiff's interests weighing against one.

With respect to the remaining factors, Defendants have not identified any nonparty who would be so burdened by his or her involvement in discovery in this case that the nonparty's interests would tip the scales in favor of a stay. Nor do the Court's convenience and the public interest have that effect. The Court might balance these interests differently if it could predict the outcome of Defendants' Motion to Dismiss with certainty, but that it cannot do. Meanwhile, it serves neither the Court nor the public to delay discovery indefinitely.

Finally, although Defendants' Motion to Stay asks the Court to stay all other proceedings in this matter, it is unclear what other proceedings Defendants seek to stay. The Court notes that a true stay of all proceedings would defer, *inter alia*, a ruling on the Motion to Dismiss, which is clearly not what Defendants intend. Thus, Defendants' request in this regard is not well taken.

For all of these reasons, the Court in its discretion DENIES Defendants' Opposed Motion to Stay Proceedings Pending Ruling on Motion to Dismiss (Doc. 41). The Court's Initial Scheduling Order (Doc. 40) remains in full force and effect.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE